# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| **JOSEPH HARRIS,** | ) |
| **Plaintiff,** | ) |
| v. | ) NO. 3:20-cv-00040 |
| **CAPT. COLLET, et al.,** | ) JUDGE CAMPBELL |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

Plaintiff Joseph Harris, an inmate of the Morgan County Correctional Complex in Wartburg, Tennessee, has filed a pro se complaint under 42 U.S.C. § 1983 (Doc. No. 1) and an application for leave to proceed in forma pauperis (IFP). (Doc. No. 2.)

## I. APPLICATION TO PROCEED AS A PAUPER

Under the PLRA, 28 U.S.C. § 1915(a), a prisoner bringing a civil action may apply for permission to file suit without prepaying the filing fee required by 28 U.S.C. § 1914(a). Because it is apparent from Plaintiff's IFP application that he lacks the funds to pay the entire filing fee in advance, his application (Doc. No. 2) is **GRANTED**.

Pursuant to 28 U.S.C. §§ 1915(b) and 1914(a), Plaintiff is nonetheless assessed the $350.00 civil filing fee. The warden of the facility in which Plaintiff is currently housed, as custodian of Plaintiff's trust account, is **DIRECTED** to submit to the Clerk of Court, as an initial payment, the greater of: (a) 20% of the average monthly deposits to Plaintiff's credit at the jail; or (b) 20% of the average monthly balance to Plaintiff's credit for the six-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1). Thereafter, the custodian shall submit 20% of Plaintiff's preceding monthly income (or income credited to Plaintiff for the preceding month),

but only when the balance in his account exceeds $10.00. 28 U.S.C. § 1915(b)(2). Payments shall continue until the $350.00 filing fee has been paid in full to the Clerk of Court. 28 U.S.C. § 1915(b)(3).

The Clerk of Court **MUST** send a copy of this Order to the warden of the facility where Plaintiff is housed to ensure compliance with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If Plaintiff is transferred from his present place of confinement, the custodian must ensure that a copy of this Order follows Plaintiff to his new place of confinement, for continued compliance with the Order. All payments made pursuant to this Order must be submitted to the Clerk of Court for the United States District Court for the Middle District of Tennessee, 801 Broadway, Nashville, TN 37203.

## II. VENUE

Under 28 U.S.C. § 1391(b), venue is proper in a judicial district where: (1) any defendant resides if all defendants reside in the same state; (2) a substantial part of the events or omissions giving rise to the claim occurred or a substantial part of the property in question is situated; or (3) any defendant may be found if there is no other district in which the plaintiff may bring the action. 28 U.S.C. § 1391(b). Even when an action is brought in a proper venue, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ." 28 U.S.C. § 1404(a); *see Burnett v. Caruso*, No. 10-cv-10749, 2010 WL 1609256, at *1 (E.D. Mich. Apr. 19, 2010). The decision to transfer an action pursuant to Section 1404(a) lies within the broad discretion of the district court. *Norwood v. Kirkpatrick*, 349 U.S. 29, 32 (1955); *see K-Tex, LLC v. Cintas Corp.*, 693 F. App'x 406, 408 (6th Cir. 2017).

Because all Defendants to the current action are alleged to reside in Tennessee, venue is proper in any district where one of them resides, under Section 1391(b)(1). All of the individual Defendants appear to reside in Whiteville, Tennessee (*see* Doc. No. 1 at 2–3), and their alleged wrongdoing was carried out at Whiteville Correctional Facility, in Hardeman County, Tennessee, which lies within the Western District of Tennessee. 28 U.S.C. § 123(c)(1). "Although a plaintiff's choice of forum is generally given deference, that choice may be defeated, especially in cases when the plaintiff has little or no connection to the chosen forum." *Burnett*, 2010 WL 1609256, at *2. Plaintiff is incarcerated in Morgan County, which lies within the Eastern District of Tennessee. The only connection this case has to the Middle District of Tennessee is the residence here of Defendant CCA (Corrections Corporation of America, now known as Core Civic).[1] The Court therefore finds that, although venue may technically be proper in this district, the convenience of the parties and witnesses and the interests of justice warrant the discretionary transfer of this case to the Western District, pursuant to 28 U.S.C. § 1404(a).

Accordingly, the Clerk is **DIRECTED** to **TRANSFER** this action to the United States District Court for the Western District of Tennessee, Eastern Division. The screening of the complaint under the PLRA will be taken up by the transferee court.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE

---

[1] *See Pleasant-Bey v. Tennessee*, No. 3:19-cv-00486, 2020 WL 707584, at *2 n.1 (M.D. Tenn. Feb. 12, 2020) ("The plaintiff repeatedly refers to a 'CCA' in the original complaint. The court infers that these references apply to the entity identified in the list of defendants as 'Core Civic America,' as Corrections Corporation of America (CCA) was the predecessor to Core Civic America."); *Harding v. Core Civic*, No. 3:17-cv-01002, 2017 WL 3601712, at *2 (M.D. Tenn. Aug. 18, 2017) (Core Civic is "a Nashville-based private prison company").